IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JESSIE ARNOLD, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | CIVIL ACTION NO.: 1:06-CV-117 (WLS) |
| JERRY JEFFERSON; KEVIN ROBERTS; | : | |
| CHRISTINE CROSS; REMIKA | : | |
| CHRISTIAN; Sgt. BLACKMON; | : | |
| Officer LEVETTE; Officer JONES; | : | |
| Sgt. PRICE, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| | : | |
| | : | **O R D E R** |

Plaintiff **JESSIE ARNOLD,** an inmate at the Calhoun State Prison in Morgan, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that plaintiff is unable to pay the cost of commencing this action, plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.[1]

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless

---

[1] The Court notes that plaintiff, while incarcerated, has filed numerous civil rights complaints in federal courts in the State of Georgia. At present, at least six of these cases or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: (1) *Arnold v. Looney*, No. 3-02-CV-2 (S. D. Ga. Sept. 26, 2002); (2) *Arnold v. Moore*, No. 5:01-CV-204 (M. D. Ga. Sept. 18, 2002); (3) *Arnold v. Rawls*, No. 3-01-CV-69 (S.D. Ga. February 28, 2002); (4) *Arnold v.Holsey*, No. 5:01-CV-289-2 (M. D. Ga. July 23, 2001); (5) *Arnold v. Houston County*, No. 5-01-CV-290-3 (M. D. Ga. July 23, 2001); and *Arnold v. Burke*, 4:99-CV-309 (M.D. Ga. March 16, 2000). However, plaintiff alleges that he is a "victim of vicious and brutal beatings while in handcuffs." Plaintiff has shown, at this stage in the litigation, that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). Therefore, plaintiff shall be allowed to proceed *in forma pauperis* in the instant case.

pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

A review of plaintiff's trust fund account statement reveals that he has deposited $945.00 into his prisoner account for the last six months. Therefore, the average monthly deposits to his account are at least $157.50. Twenty percent (20%) of $157.50 is $31.50. Accordingly, it is hereby **ORDERED** that plaintiff pay an initial partial filing fee of $31.50.

Plaintiff shall have until September 17, 2006 to pay the required initial partial filing fee to the Clerk of the Court. Failure to comply with this Order shall result in the dismissal of plaintiff's complaint. There shall be **no service** in this case until further order of the Court.

**SO ORDERED**, this 18th day of August, 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE