IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JESSIE ARNOLD, :
:
    Plaintiff, :
:
VS. : Civil Action File No.
: **1:06-CV-117 (WLS)**
JERRY JEFFERSON, et al., :
:
    Defendants. :

### **RECOMMENDATION**

Currently pending in this *pro se* prisoner § 1983 action are plaintiff's motion for a temporary restraining order and defendants' motion for summary judgment. The instant action was filed in August, 2006. (doc 2). Plaintiff claimed that his constitutional rights were violated in that he was constantly subjected to vicious and brutal beatings by the Defendants while at Calhoun State Prison. Although plaintiff has more than three strikes within the meaning of the Prison Litigation Reform Act, the case was sanctioned and allowed to proceed *in forma pauperis* as plaintiff claimed to be in imminent danger. (doc 9).

*1. Plaintiff's Motion for a Temporary Restraining Order (doc. 11)*

In this motion, plaintiff requests a temporary restraining order against defendants to stop them from making verbal threats toward plaintiff, and for threatening him with physical violence unless he drops his civil suit.

However, plaintiff is now incarcerated at Ware State Prison in Waycross, Georgia, and is no longer confined to Calhoun State Prison. Therefore, it is the RECOMMENDATION of the undersigned that plaintiff's motion for a temporary restraining order be **DENIED** as moot. A prisoner's claim for declaratory and injunctive relief is mooted by his transfer or release from the

facility about which he complains.  Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986); McKinnon v. Talladega County , 745 F2d 1360 (11th cir. 1984).

## 2. *Defendants' Motion for Summary Judgment (doc. 28)*

Defendants move for summary judgment.  Plaintiff initially tried to voluntarily dismiss without prejudice this case after defendants filed the motion; however, the undersigned recommended that plaintiff's motion be denied.  The undersigned gave plaintiff additional days in which to file a supplemental response to defendants motion, as he had not addressed any of the issued raised in the motion on their merits.  However, plaintiff failed to respond in any substantive way to the issues raised in defendants' motion.

Plaintiff contends that while incarcerated at Calhoun State Prison Defendants Jones, Lavette, and Blackmon viciously beat him while he was handcuffed; Defendants Christian, Price, and Cross conspired to cover up the beatings; and Defendants Roberts and Jefferson knew about the beatings, took no action, and did not insure that plaintiff was provided with medical care. (doc 2). Specifically, inmate plaintiff contends that beatings took place on May 30, June 15 and July 17 of 2006. (doc 2).

Defendants assert that plaintiff failed to exhaust administrative remedies that are available at Calhoun State Prison.  To exhaust the grievance procedure, an inmate must file an informal grievance, a formal grievance, appeal to the warden, then appeal to the division director. (Edwards aff. Doc. 28).  According to the records maintained by defendants, while at Calhoun State Prison, plaintiff filed four informal and three formal grievances, none of which dealt with allegations of excessive force against plaintiff.  The only one grievance that plaintiff fully exhausted involved his exposure to second hand smoke.

2

Further, the evidence submitted by defendants show that plaintiff did not complain of any injuries as a result of excessive force during his routine visits to the medical department, nor were any unusual injuries noted by medical staff. (Ayers Aff. Doc. 28). Further, medical examinations upon plaintiff's transfer to Ware State Prison in November of 2006 do not reveal any injuries, abnormalities, or complaints of excessive force while at Calhoun State Prison. (Ayers aff. Doc. 28).

Section 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

"That provision plainly requires that administrative remedies be exhausted *before* the filing of suit, rather than while the action is pending." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis in original). According to records maintained at the prison, plaintiff has failed to exhaust the administrative remedies available to him. Plaintiff has failed to rebut this evidence in any way, and has not claimed that he did in fact exhaust his administrative remedies. Plaintiff has not satisfied the exhaustion requirement of § 42 U.S.C. 1997(e). The clear mandate of Alexander v. Hawk is that a prisoner must exhaust the remedies available under an administrative remedy program before filing an action such as this.

Defendants also assert that they are entitled to sovereign immunity in their official capacities, that plaintiff's claims for prospective injunctive relief are moot as he is no longer incarcerated at

Calhoun State Prison, and that plaintiff has failed to state a claim as he has not shown a more than *de minimis* injury. In light of the fact that the undersigned has found that plaintiff has not exhausted administrative remedies, the undersigned will not address the other issues raised in defendants' brief.

Therefore, it is the RECOMMENDATION of the undersigned that defendants' motion for summary judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of the date of this order.

**SO RECOMMENDED**, this 28th day of August, 2007.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd